**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Andrew Pulsifer,

                            Plaintiff,

                                        Civ. No. 11-338 (RHK/JJK)
                                        **ORDER**

v.

Professional Recovery Personnel, Inc.,

                            Defendant.

---

        The matter is before the Court on a Motion for Summary Judgment by Defendant

Professional Recovery Personnel, Inc. ("PRP").  Plaintiff Andrew Pulsifer claims PRP

violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e ("FDCPA")

by leaving phone messages in which the caller failed to meaningfully disclose her

identity as a debt collector.  For the reasons below, the Motion will be denied.

        Pulsifer's claims arise from a series of phone messages from PRP's employee,

Barbara.[1]  His Complaint specifically identifies three messages he received on December

28, 2010, January 12, 2011, and January 15, 2011.  In each, the caller identified herself as

"Barbara Repier" or "Barbara from PRP" and simply asked Pulsifer to call her back at a

phone number she provided.  PRP admits to leaving these and other phone messages in

the course of its attempts to collect Pulsifer's debt.  The parties dispute one significant

fact, however.  PRP claims that Barbara had a phone conversation with Pulsifer on

---

[1] Pulsifer asserts that Barbara identified herself to him as "Barbara Repier" or simply "Barbara."
(Compl. ¶¶ 11-13.)  PRP replies that "Barbara Repier" was an alias for "Barbara Daigle" (Ans.
¶ 4), and it has submitted an Affidavit from "Barbara Dagle" (Doc. No. 13).

December 23, 2010, prior to the complained-of messages, in which she identified herself

as a debt collector.  Pulsifer disagrees, maintaining that he "never had a telephone

conversation with Barbara Dagle or Barbara Repeir on December 23, 2010," nor with

anyone else from PRP.  (Pulsifer Aff. ¶¶ 3, 4.)

The Court has received all of the parties' written submissions,[2] and the summary-

judgment Motion is now ripe for decision.[3]  Summary judgment is proper if, drawing all

reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  The moving party bears

the burden of showing that the material facts in the case are undisputed.  Id. at 322;

Whisenhunt v. Sw. Bell Tel., 573 F.3d 565, 568 (8th Cir. 2009).  Stated differently,

summary judgment is inappropriate where there exists a genuine issue of material fact.

PRP makes two arguments in support of its Motion.  First, it argues that it *did*

"meaningfully disclose" its identity because Pulsifer was previously made aware of who

Barbara was and the purpose of the phone calls on December 23.  See 15 U.S.C.

§ 1692d(6) (prohibiting a debt collector from "plac[ing] telephone calls without

meaningful disclosure of the caller's identity"); see also Knoll v. Allied Interstate, Inc.,

502 F. Supp. 2d 943, 946 (D. Minn. 2007) (Magnuson, J.) (citations omitted) (noting

"meaningful disclosure" means a debt collector must "disclose enough information so as

---

[2] Counsel for PRP advised the Court that it did not intend to file a Reply Memorandum.

[3] The Court has determined that oral argument will not materially assist its resolution of this Motion; thus, the hearing scheduled for November 16, 2011, is **CANCELED.**

not to mislead the recipient as to the purpose of the call"). PRP argues that Barbara told

Pulsifer she was a debt collector during the December 23 phone call, thus giving him

enough information about who she was and the purpose of the calls that he should not

have been misled by subsequent messages. Yet, even assuming this proposition is

correct, Pulsifer denies that the December 23 phone call ever took place. In light of this

glaring fact dispute, the Court cannot grant summary judgment on this basis.

PRP next argues that the claims fail as a matter of law because Pulsifer has not

shown that he suffered any actual injury and thus lacks standing. Yet the FDCPA permits

recovery of statutory damages even in the absence of actual damages, and numerous

courts have recognized that "actual damages are not required for standing under the

FDCPA." McCammon v. Bibler, Newman & Reynolds, P.A., 493 F. Supp. 2d 1166,

1171 (D. Kan. 2007) (citations omitted); accord Picht v. Hawks, 77 F. Supp. 2d 1041,

1043 (D. Minn. 1999) (noting the FDCPA is a "remedial, strict liability statute," and

"[p]roof of deception or actual damages is not necessary to make a recovery"), aff'd 236

F.3d 446 (8th Cir. 2001). Thus, this argument also fails.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. Nos. 11, 15) is

**DENIED**. In view of this Order, the hearing previously scheduled for November 16,

2011, is **CANCELED**.


Dated: November 8, 2011                     s/Richard H. Kyle
                                            RICHARD H. KYLE
                                            United States District Judge

3